

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed July 19, 2005                    United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHARON ANN HOBBS, f/d/b/a TEXAS | § | Case No. 04-35369 HDH-7 |
| CASTERS, INC. and CASTERS OF TEXAS | § | |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| JP MORGAN CHASE BANK | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 04-3503 |
| | § | |
| SHARON ANN HOBBS | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION

This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(J). In this adversary proceeding, the Plaintiff seeks to deny the Debtor's discharge based on a failure to maintain and preserve adequate records, pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3).

I. **BACKGROUND FACTS**

Sharon Ann Hobbs ("Defendant" or "Debtor") filed a voluntary petition for bankruptcy on May 10, 2004. JP Morgan Chase Bank ("Plaintiff" or "Creditor") timely filed its complaint seeking to deny Defendant's discharge on August 27, 2004, based on Sections 727(a)(2) and 727(a)(3) of Title 11 of the United States Code (the "Bankruptcy Code"). Before filing for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, Defendant founded Texas Casters, Inc. ("Texas Casters") in 1994. Texas Casters provided casters to a number of different customers, including the United States Department of Defense ("DOD"), Lockheed Martin and other "Fortune 500" companies.

Defendant does not have any formal education past high school, but does have experience in the caster industry from working for her brother in his caster business. Defendant testified that she entered into a factoring agreement with Independent National Bank ("National"). Approximately $576,000.00 in accounts receivable were to be collected under the factoring agreement by National. Subsequent to that agreement, Texas Casters acquired an SBA loan from Plaintiff in April 2000, in

the amount of approximately $725,000.00 (the "Loan"). Defendant was a guarantor on the Loan. Defendant used most of the Loan proceeds to pay off the factoring agreement with National, allowing her to reacquire her accounts receivable.

Defendant alleges that she was not able to collect on most of her accounts receivable, particularly from the DOD, which eventually caused the company's profits to drop to unsustainable levels. During the time that she was unable to collect, Defendant made no payments of principal on the Loan. Consequently, Plaintiff brought suit against Texas Casters, and on July 18, 2001, obtained a Default Judgment by the 95th Judicial District Court of Dallas County, Texas in the amount of $790,567.82.

Defendant closed her business and stored all of her corporate records, including the accounts receivable and company's assets, in three mobile storage units. Although Defendant received several notices of non-payment of rent on the mobile storage units, she ignored them, and eventually all three units were repossessed. The parties dispute whether the company records were still in the mobile units when they were repossessed, but it is clear that virtually no financial records or business transaction records of Texas Casters were retained by Defendant or produced in discovery in these proceedings.

In her schedules filed with her Chapter 7 bankruptcy petition, under Schedule F, Defendant listed twenty-two creditors and was able to provide the amount of claim for only three creditors – the rest were listed as unknown – with Plaintiff's claim being the largest. According to Defendant's testimony, she was unable to contact some of the other creditors because she did not have a working phone number or address for such creditors, and thus she did not attempt to retrieve records from

those creditors. There is nothing in the record, aside from Defendant's testimony, to indicate what steps Defendant took to inquire about the amount of each claim.

**II.   ISSUE**

The issue before the Court is whether Defendant should be denied her discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), and/or 727(a)(3), based on the lack of her business and personal records.

**III.   ANALYSIS**

   **A.   Legal Standards**

With certain enumerated exceptions, Section 727(a) of the Bankruptcy Code mandates that a Chapter 7 debtor who is an individual shall be granted a discharge. Relevant to the issues before the Court in this proceeding, § 727(a) provides:

> The court shall grant the debtor a discharge, unless –
>
> (2) the debtor, with the intent to hinder, delay, or defraud a creditor. . .has transferred or removed–
>
> (A) property of the debtor, within one year before the date of the filing of the petition; or
>
>                                \*\*\*
>
> (3) the debtor has concealed, destroyed. . .or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.

11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3).

Section 727(a) must be construed liberally in favor of the debtor and strictly against the creditor objecting to the granting of the debtor's discharge. *F.D.I.C. v. Sullivan (In re Sullivan)*, 204 B.R. 919, 938 (Bankr. N.D. Tex. 1997). At the same time, however, discharge is not a right but a

privilege which should be granted to those debtors who put forth a good faith effort in producing an entire picture of their financial affairs. *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 900-901 (7th Cir. 2002). The burden of proof falls on the creditor to prove that the case falls within one of the 727(a) exceptions by a preponderance of the evidence. *See Grogan v. Garner*, 489 U.S. 279, 286, 111 S.Ct. 654, 660 (1991); *see also Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174 (5th Cir. 1992).

    B.    Section 727(a)(2)(A)

Section 727(a)(2)(A) has four elements: (1) property has been transferred, removed or destroyed; (2) the property belonged to the debtor; (3) the property was transferred, removed or destroyed within one year of the filing of the petition; and (4) at the time of the transfer, removal or destruction, the debtor possessed the actual intent to hinder, delay or defraud a creditor. *See Robertson v. Dennis (In re Dennis)*, 303 F.3d 696, 701 (5th Cir. 2003). The creditor bears the burden of establishing actual intent to defraud under § 727(a)(2)(A), which may be inferred by the debtor's actions and may be proved by circumstantial evidence. *Pavy v. Chastant (In re Chastant),* 873 F.2d 89 (5th Cir. 1989). Both the act and the intent must exist or have occurred one year prior to the date of filing for bankruptcy. Anything occurring before this one year period is forgiven. *Rosen v. Benzer*, 996 F.2d 1527, 1531 (3rd Cir. 1993).

In the case at hand, Plaintiff alleged that property of the Debtor, in the form of financial records for herself and Texas Casters, including accounts receivable, were transferred, removed or destroyed when the storage units were repossessed. Defendant does not deny that she was aware of the pending repossession and did nothing about it. Although Defendant testified that she was unable to pay for the storage units at the time they were repossessed, there was no evidence presented at trial

**Memorandum Opinion - Page 5**

that Defendant made any effort to prevent the removal and subsequent destruction of the financial records so that they could be produced for these proceedings.

However, it is also undisputed that the repossession of the storage units occurred sometime in late 2001. The Defendant filed her bankruptcy petition on May 10, 2004. Therefore, regardless of whether Plaintiff can prove the other elements of § 727(a)(2)(A), the actions of Defendant clearly fall outside of the one year period. Thus, Defendant will not be denied discharge based on § 727(a)(2)(A).

### C. Section 727(a)(3)

The exception under § 727(a)(3) states, in relevant part, that a discharge shall be granted unless, "the debtor has…destroyed…or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). This exception places the initial burden on the creditor to "prove that the debtor failed to keep and preserve his financial records and that this failure prevented the party from ascertaining the debtor's financial condition." *Womble v. Pher Partners (In re Womble)*, 108 Fed.Appx.993, 995 (5th Cir. 2004) (unpublished) (*citing Robertson v. Dennis (In re Dennis)*, 303 F.3d 696, 703 (5th Cir. 2003)). A debtor's financial records need not contain full detail, but there should be some written evidence of the debtors financial condition. *Dennis*, 303 F.3d at 703. "The duty to preserve or maintain such records requires the debtor to take 'reasonable precautions for the preservation of these records.'" *Gebhardt v. Gartner (In re Gartner)*, 2005 WL 1513169 *13 (Bankr. S.D. Tex. ) (citing *In re Devine,* 11 B.R. 487, 488 (Bankr.D.Mass.1981). Creditors should not be required to speculate about the financial condition of the debtor or hunt for

Memorandum Opinion - Page 6

the debtor's financial information. *Id*. If this initial burden is satisfied, the burden shifts to the debtor to prove that the inadequacy is justified based on the totality of circumstances including what a reasonable person would do in similar circumstances. *See Id.*; *see also Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3rd Cir. 1992).

### Corporate Records

A majority of Plaintiff's efforts during the trial were aimed at showing that the loss of the records of Texas Casters in the storage units constitute the "documents, records, and papers" that § 727(a)(3) requires the Debtor to maintain. Those records, however, related exclusively to the financial condition of the corporation, Texas Casters, not the individual debtor.

"[I]n order to deny the discharge of the Debtor in [*her*] individual bankruptcy case, under [Section] 727(a)(3), the Court must find that the Debtor has…destroyed, or failed to keep or preserve any recorded information from which [*her*] financial condition or business transactions might be ascertained, not the financial conditions or business transactions of [Texas Casters]." *Lewis v. Summers (In re Summers)*, 320 B.R. 630, 638 (Bankr. E.D. Mich., 2005) (emphasis in original). The inability to produce or locate the financial records of her company, in itself, will not deprive Defendant the opportunity for a fresh start, particularly when the company has been dissolved for almost three years before the bankruptcy petition was filed. *See, e.g. Barthlow v. More (In re More)*, 138 B.R. 102, 105-106 (Bankr. M.D. Fla. 1992).

There are many reasons why corporate records, or the lack thereof, should not bar an individual's discharge. For example, the corporation in this case was run by the Defendant and her husband. She was not in total control of the records. Also, often, as in this case, the corporation's financial problems may be different from the individual's. The Debtor is in bankruptcy individually;

**Memorandum Opinion - Page 7**

the company is not. The records from the storage units relate to the company and are not within the statute. Therefore, the fact that they were not retained or produced would not cause the Debtor to be deprived of her discharge. Defendant will not be denied discharge based on the inadequate production of corporate records.

### Personal Records

The purpose of § 727(a)(3) is "to allow creditors and /or the trustee to examine the debtor's financial condition and determine what has passed through a debtor's hands." *Pher Partners v. Womble (In re Womble)*, 289 B.R. 836, 856 (Bankr. N.D. Tex. 2003) (*citing WTHW Inv. Builders v. Dias (In re Dias),* 95 B.R. 419, 422 (Bankr. N.D. Tex. 1988)). In fact, "the fundamental policy underlying § 727(a)(3) is to insure that the trustee and the creditors receive sufficient information to effectively enable them to trace the debtor's financial history, to ascertain the debtor's financial condition, and to reconstruct the debtor's business transactions." *Ochs v. Nemes (In re Nemes)*, 323 B.R. 316, 324 (Bankr E.D.N.Y. 2005). In the present case, the Defendant retained and produced such meager information that she is not entitled to a discharge.

The law does not require an impeccable system of bookkeeping. *Meridian Bank*, 958 F.2d at 1230. However, complete disclosure is required in every case, and the "absence of such amounts to that failure to which the act applies." *Nemes*, 323 B.R. at 324 (citing *In re Underhill*, 82 F.2d 258, 259-60 (2d. Cir. 1936), *cert. denied*, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402(1936)). In particular, credit card statements and bank records are often the cause for challenges to a debtor's discharge under 727(a)(3). "While bank statements and credit card receipts or monthly statements may be simple records, they form the core of what is necessary to ascertain the debtor's financial condition, primarily his use of cash assets." *Nemes*, 323 B.R. at 325 (citing *The Cadle Co. v. Terrell*, 2002 WL

22075 at *5 (N.D. Tex. Jan. 7, 2002), *aff'd*, 46 Fed.Appx. 731, 2002 WL 1973217 (5th Cir. (Tex.) 2002)). In addition to bank statements and credit card receipts, income tax returns are "quintessential documents in personal bankruptcy." *Dennis*, 330 F.3d at 703.

Not every time will the failure to maintain credit card and bank records bar a discharge. Often these records will be maintained for a time and then legitimately discarded by a debtor. However, a Debtor in a bankruptcy case has some responsibility to make some efforts to retain minimal records and to produce them to the Trustee and requesting creditors. Plaintiff was seeking to learn where its loan proceeds went. Plaintiff made specific requests for the Defendant to produce personal financial records, including credit card and bank statements. Defendant did not produce either. Defendant was only able to produce documentation for three of twenty-two creditors, and income tax returns for the years 2000 through 2002. The minimal records Defendant produced do not enable Plaintiff, or this Court, to trace the debtor's financial history.

Additionally, the Trustee testified in the case regarding the Section 341 meeting and his testimony generally supported the Plaintiff. Plaintiff's representative was a credible witness regarding Defendant's final information. Therefore, Plaintiff's burden of proof that the financial condition of the Debtor is impossible to ascertain from the documents provided has been satisfied.

The burden now shifts to the Debtor to provide justification for the inadequate records. *Dennis*, 303 F.3d at 703; *Meridian Bank*, 958 F.2d at 1232. "The inquiry should include the education, experience and sophistication of the debtor; the volume of the debtor's business; the complexity of the debtor's business; the amount of credit extended to the debtor in his business; and any other circumstances that should be considered in the interest of justice." *Meridian Bank*, 958 F.2d at 1231; *see also Goff v. Russell Co. (In re Goff),* 495 F.2d 199, 201-02 (5th Cir. 1974). "The

**Memorandum Opinion - Page 9**

demands of operating a business do not excuse a debtor from keeping basic financial records." *Dias,* 95 B.R. at 422; *see also Goff,* 495 F.2d at 202.

Defendant has only a high school education, but did have experience in the caster industry. She had worked for her brother's caster company before starting her own business, and had maintained a profit substantial enough to procure the Loan from Plaintiff. Individually, Defendant's finances were not very complex. She relied exclusively on her husband's income to support her, and did not take home any type of salary or compensation from Texas Casters. Although it is possible that Defendant simply did not have substantial enough financial responsibilities to produce a lot of documentation, that does not seem to be the case.

Defendant claims that she was unable to contact her creditors and banks because the mailing addresses and telephone numbers she had were "incorrect." In these days of the wealth of information available on the internet and in free credit reports, this testimony is dubious. She has not produced any evidence giving this Court any indication as to the efforts she took to get the correct mailing addresses and telephone numbers. As a businesswoman whose business revolved around collecting accounts receivable, it is difficult to understand why Defendant was unable to find mailing addresses for her credit card companies. Much of the information regarding her creditors likely could have been obtained from a credit report and in the court records in state court matters filed against her.

Defendant does offer some explanation, which this Court has taken into consideration. Around the same time as filing for bankruptcy, Defendant was diagnosed with breast cancer, was in the process of divorcing her husband, and had just lost her business. Though all of these events are tragic and do offer a glimpse into the hardship that Defendant was experiencing on top of having to

file for bankruptcy, they do not balance out the lack of minimal effort from the Defendant to produce sufficient financial information. Therefore, Defendant has not justified the inadequacy of her financial records based on the totality of circumstances, and has not met her burden.

## IV. CONCLUSION

In conclusion, the Court finds that Defendant will not be denied her discharge based on 11 U.S.C. § 727(a)(2)(A) because the one year look back period had passed prior to the repossession of the storage units, but will be denied her discharge based 11 U.S.C. § 727(a)(3) because the Plaintiff satisfied its burden to show that the financial condition of the Debtor is impossible to ascertain, and the Debtor did not justify the inadequacy of the records produced.

This Court does not seek to establish in this opinion a bright line rule applicable to all future cases. Indeed, these § 727 cases are unique. Here, the record shows that the Debtor did not even retain the most minimal amount of financial information about herself from which her financial condition could be ascertained. The statutory requirements to bar her discharge have been met.

A separate order will be entered consistent with this memorandum opinion.

###END OF OPINION###